# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL ACTION NO. 1:11-CV-302-MR-DCK

| | |
|---|---|
| IRENE C. STOWE, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 10) and the "Commissioner's Motion For Summary Judgment" (Document No. 14). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Judgment On The Pleadings" be denied; that the "Commissioner's Motion For Summary Judgment" be denied; and that the Commissioner's decision be vacated.

## I. BACKGROUND

Plaintiff Irene C. Stowe ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On October 24, 2005, Plaintiff filed an application for Title II disability insurance benefits, alleging an inability to work due to a disabling condition beginning August 24, 2005. (Transcript of the Record of Proceedings ("Tr.") 16). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on March 16, 2006, and

again after reconsideration on May 31, 2006. (Tr. 16, 58, 63). Plaintiff filed a timely written request for a hearing on July 24, 2006. (Tr. 16, 57).

On December 16, 2008, Plaintiff appeared and testified at a hearing before Administrative Law Judge Gregory M. Wilson ("ALJ"). (Tr. 16, 579-615). In addition, Kathleen H. Robbins, PhD, a vocational expert ("VE"), and Holly Fairbairn, claimant's attorney, appeared at the hearing. (Tr. 16).

The ALJ issued an unfavorable decision on May 8, 2009, denying Plaintiff's claim. (Tr. 31). Plaintiff filed a request for review of the ALJ's decision on May 19, 2009, which was denied by the Appeals Council on September 8, 2011. (Tr. 3, 12). The May 8, 2009 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request.

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on November 9, 2011. (Document No. 1). Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 10) and "Plaintiff's Memorandum In Support Of Motion For Judgment On The Pleadings" (Document No. 11), were filed May 2, 2012; and "Commissioner's Motion For Summary"(Document No. 14) and "Memorandum In Support Of Motion For Summary Judgment" (Document No.14-1), were filed July 20, 2012. On September 10, 2012, this case was reassigned to Magistrate Judge David C. Keesler as the referral magistrate judge. The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Martin Reidinger is appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the

Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 657 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between August 24, 2005, and the date

of his decision.[1]  (Tr. 16).  To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  The ALJ concluded that Plaintiff was not under a disability at any time from August 24, 2005, through the date of his decision, May 8, 2009.  (Tr. 31).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled.  20 C.F.R. § 404.1520(a).  The five steps are:

> (1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;
>
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and
>
> (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).  In this case, the ALJ determined at the fourth step that Plaintiff was not disabled.  (Tr. 30-31).

---

[1] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since August 24, 2005, her alleged disability onset date. (Tr. 18). At the second step, the ALJ found that Plaintiff's anxiety disorder, obesity, carpal tunnel syndrome and arthritis, were severe impairments. (Tr. 18).[2] At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 23).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to:

> stand/walk a maximum total of six hours and sit for a maximum total of six hours in an eight-hour workday, to lift/carry a maximum of 25 pounds frequently and 50 pounds occasionally; is limited to frequent performance of all postural activities (climbing, balancing, kneeling, crouching, crawling and stooping) secondary to obesity; needs to avoid concentrated exposure to lung irritants

(Tr. 25). In making this finding, the ALJ specifically stated that he had "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." Id. The ALJ further opined that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above RFC assessment." (Tr. 30).

At the fourth step, the ALJ found that Plaintiff "is capable of performing past relevant work as a loader." (Tr. 30). Therefore, the ALJ concluded that Plaintiff was not "under a disability, as defined in the Social Security Act, from August 24, 2005 through the date of this decision," May 8, 2009. (Tr. 31).

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a de minimis test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the RFC evaluation is not supported by substantial evidence; (2) the medical opinions were improperly assessed; and (3) Plaintiff was denied due process by the ALJ's alleged restriction of her questioning of the VE. (Document No. 11, pp.12-19). The undersigned is not particularly persuaded by Plaintiff's second and third assignments of error, but agrees that it is not clear that the ALJ's RFC evaluation is supported by substantial evidence. As will be discussed below, the undersigned finds that Plaintiff's first assignment of error raises a sufficient basis for remanding this matter for a new hearing and further consideration.

**Plaintiff's RFC**

The ALJ's decision notes that Plaintiff "was morbidly obese" (height 63 inches, weight 244 pounds), that she was diagnosed with arthritis about fifteen (15) years ago, and that she complained of a great deal of pain in her feet and shoulder. (Tr. 19). Plaintiff specifically stated that she could only walk about 50 yard before having pain in her feet, and she testified that she could not pick up a gallon of milk as she had been able to do during her previous employment. (Tr. 19, 594-595). Despite finding that Plaintiff's severe impairments include obesity, carpal tunnel syndrome and arthritis, the ALJ opined that she could stand/walk for up to six hours in an eight-hour workday, lift/carry a maximum of 25 pounds frequently and 50 pounds occasionally; and is only limited to frequent performance of all climbing, balancing, kneeling, crouching, crawling and stooping. (Tr. 18, 25).

In her first assignment of error, Plaintiff focuses on an argument that the RFC evaluation was flawed because the ALJ improperly assessed her credibility. The ALJ's concerns regarding credibility, as addressed at both the hearing and in the decision, appear to primarily relate to Plaintiff's daily activities and ability to travel. (Tr. 27-29, 600). The undersigned respectfully

6

disagrees with Plaintiff's characterization of the ALJ's credibility analysis as "attacks" on Plaintiff. (Document No. 11, pp.12-13). Furthermore, there do seem to be significant inconsistencies between Plaintiff's testimony and the record, as thoroughly addressed by Defendant in its brief, which cast serious doubts about Plaintiff's credibility. See (Document No. 14-1, pp.9-14). While the undersigned agrees that the ALJ may have erred in his RFC evaluation, it is unclear that his credibility concerns directly led to his conclusion about Plaintiff's RFC, or that he improperly assessed Plaintiff's credibility.

Instead, it appears to the undersigned that the ALJ relied heavily on a March 2006 report by DDS that Plaintiff had the physical abilities included in the RFC above, and that she had no limitations for pushing/pulling in the lower extremities. (Tr. 20, 26, 267-274). In addition, the ALJ seems to have relied in part on the VE's finding that an individual with the limitations set forth in the RFC above could perform Plaintiff's past relevant work. (Tr. 31, 610-611).

The DDS report is inconsistent with Plaintiff's testimony and other evidence in the record; and is perhaps even inconsistent with the ALJ's own findings specifically related to morbid obesity and arthritis. It is simply difficult to square the credible evidence and the severe impairments identified by the ALJ, with a finding that Plaintiff could stand and walk six (6) hours in a work day, lift twenty-five (25) pounds frequently and fifty (50) pounds occasionally, and climb, balance, kneel, crouch, crawl and stoop. (Tr. 25).

Moreover, the ALJ's reliance on the VE testimony may be misplaced. A review of the transcript at least suggests that the VE had doubts as to whether this Plaintiff could return to her work as a loader. (Tr. 609-611).

> And the work that she did where she was loading and unloading, this type of laboring work and the DOT is classified as medium. It is given an unskilled level, but that really is not a critical factor here. It is the fact that she was doing the loading and unloading. I

7

> think at times what she had to do is push at a very heavy level of exertion.

(Tr. 609). The VE seemed to further testify that Plaintiff "would not be" able to do frequent climbing, stooping, and crouching. (Tr. 610).

The undersigned also notes that the Social Security Administration ("SSA") stated in both its "Notice Of Disapproved Claim" (Tr. 63) and its "Notice of Reconsideration" (Tr. 58), that

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotion stresses without significant difficulties. **We realize your condition keeps you from doing any of your past jobs**, but it does not keep you from doing less demanding work. Based on your age, education, and past work experience, you can do other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 58, 63) (emphasis added). It does not appear that the SSA's determination that Plaintiff's condition prevented her from doing her past jobs was discussed at the administrative hearing, or addressed by either party's brief to this Court.

Based on the foregoing, substantial evidence does not appear to support the ALJ's conclusion at Step 4 that Plaintiff could return to her past relevant work as a loader. The record here more clearly supports the SSA's conclusion that Plaintiff could not return to her past jobs, than the ALJ's finding that she could return to her past work as a loader which required "a very heavy level of exertion." It appears more likely that the appropriate determination in this case is made at Step 5 as to whether "considering the claimant's age, education, work experience, and residual functional capacity" jobs exist in significant numbers in the national economy that Plaintiff could perform.

## IV. CONCLUSION

The undersigned finds that the ALJ's determination lacks "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," specifically regarding Plaintiff's RFC. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be vacated.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 10) be **DENIED**; the "Commissioner's Motion For Summary Judgment" (Document No. 14) be **DENIED**; and the Commissioner's determination be **VACATED** and this matter be **REMANDED** for a new hearing and further consideration.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v.

Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: February 27, 2013

David C. Keesler
United States Magistrate Judge